UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

REVERGE ANSELMO and SEVEN HILLS LAND AND CATTLE COMPANY, LLC,

    Plaintiffs,

  v.

THE COUNTY OF SHASTA, CALIFORNIA, and RUSS MULL,

    Defendants.

NO. CIV. 2:12-00361 WBS EFB

<u>ORDER RE: MOTION FOR SUMMARY JUDGMENT</u>

----oo0oo----

This matter is now before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket No. 31.)

**1. Plaintiffs' claim under RLUIPA.**

The court finds that plaintiffs' claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") is not ripe for review. Plaintiffs do not identify any immediate injury in connection with the implementation of a land use

regulation.  See Guatay Christian Fellowship v. County of San Diego, 670 F.3d 957, 979 (9th Cir. 2011)(notice of violation was not an immediate injury); cf. Second Baptist Church of Leechburg v. Gilpin Twp., 118 Fed. App'x 615, 616 (3d Cir. 2004) ("mandatory tap-in ordinance" was not a "land use regulation" under RLUIPA); Lighthouse Cmty. Church of God v. City of Southfield, Civ. No. 05-40220, 2007 WL 756647, at *4 (E.D. Mich. Mar. 7, 2007) ("It should be noted that Plaintiff is currently unable to use [the building], not because of the RLUIPA violation [of denial of a parking variance], but because of certain outstanding building code violations.").

Requiring at least one final decision from Shasta County involving a land use regulation will enable the court to understand precisely any limitations on the building of the chapel before engaging in an analysis on the merits, and it appears that a successful rezoning application would remove all zoning obstacles to building a chapel.  Thus, "this approach may provide [plaintiffs] with relief without expending further court resources and it will enable [the court] to respect principles of federalism which counsel in favor of resolving land disputes locally."  Guatay, 670 F.3d at 979.

Plaintiffs never completed the application process for either a rezoning permit or a building permit, and the Notice of Non-Compliance and Warning Notices only indicate that the property is currently violating land use regulations.  (See Simon Decl. ¶ 22, Ex. 7 (Docket No. 31-2); Bellinger Decl. Ex. 13 (Docket No. 31-11); McNeill Decl. ¶ 5, Ex. 6 at 46:6-47, Ex. 81 (Docket No. 34-10).)  Thus the facts before the court do not

2

indicate a final decision "regarding whether [plaintiffs] will or will not be granted a permit to use the property as [they] wish[] moving forward." Guatay, 670 F.3d at 981.

The facts presented also do not indicate that seeking a final decision would be a futile endeavor.[1] See Kinzli v. City of Santa Cruz, 818 F.2d 1449, 1454 n.5 (9th Cir. 1987) (citing Williamson Cnty Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 177-81 (1985))(noting that, to qualify for futility due to delay, "the excessive amount of time would have to be considerable, since the Supreme Court has held a claim to be unripe even where the application process covering a development project required approximately eight years").[2]

**2. Plaintiffs' claim under 42 U.S.C. § 1983.**

Plaintiffs allege that Shasta County violated 42 U.S.C. § 1983 by depriving plaintiffs of their First Amendment right to free exercise and their Fourteenth Amendment right to due process.[3] (Compl. ¶¶ 55-59.)

---

[1] Furthermore, "even if [plaintiffs] had made a sufficient 'futility' argument, Ninth Circuit jurisprudence in this area still does not excuse permit-seekers who fall into this exception from the final decision requirement from submitting at least one complete permit application." Guatay, 670 F.3d at 982 (citing Herrington v. County of Sonoma, 857 F.2d 567, 569 (9th Cir. 1988)).

[2] The court makes no finding as to what decision would qualify as a "final decision" sufficient to satisfy the Williamson County finality requirement. The court only holds that where, as here, plaintiffs have not completed a single application by failing to provide all required information, their claim is not ripe for review by the court.

[3] Plaintiffs' § 1983 claim was originally brought against both Ross Mull and Shasta County, but the claim against Russ Mull were dismissed in the June 8, 2012 Order. (June 8, 2012 Order at 9-13 (Docket No. 18).)

3

1          First, plaintiffs fail to satisfactorily explain how
2 the alleged deprivations of their constitutional rights were due
3 to an official government policy by the County of Shasta.  See
4 Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) ("Plaintiffs
5 who seek to impose liability on local governments under § 1983
6 must prove that 'action pursuant to official municipal policy'
7 caused their injury." (quoting Monell v. N.Y. City Dep't of Soc.
8 Servs., 436 U.S. 658, 691 (1978))).
9          Second, even if plaintiffs could point to an official
10 policy, the Free Exercise Clause does not excuse individuals from
11 compliance with neutral laws of general applicability.  Emp't
12 Div., Dep't of Human Res. v. Smith, 494 U.S. 872, 878-79 (1990).
13 Assuming that the Williamson County finality requirement does not
14 apply to plaintiffs' § 1983 claim based upon deprivation of a
15 First Amendment right to free exercise,[4] plaintiffs fail to
16 explain how the Shasta County Code section 16.04.150, the basis
17 for the stop order which plaintiffs argue violated their right to
18 free exercise, infringes upon or restricts religious practices
19 because of the their religious motivation or is selectively
20 applied only to conduct motivated by religious belief.  See San
21 Jose Christian College v. City of Morgan Hill, 360 F.3d 1024,
22 1031-32 (9th Cir. 2004).
23          Furthermore, there is no showing that there is no
24 rational basis for the section, a showing that would be difficult

---

[4]     While the Second Circuit in Murphy applied the Williamson County finality requirement to alleged deprivations of the plaintiffs' First Amendment right to free exercise, in the Ninth Circuit, application of the finality requirement to § 1983 claim based upon deprivation of the right to free exercise is an "open question."  Guatay, 670 F.3d at 987.

4

to make in light of the forgiving nature of rational basis scrutiny.  See Ventura Cnty. Christian High Sch. v. City of San Buenaventura, 233 F. Supp. 2d 1241, 1252 n.22 (C.D. Cal. 2002) (noting that to establish that a facially neutral zoning ordinance does not pass the "less-cumbersome" rational basis test would be "an uphill battle").

As for plaintiffs' § 1983 claim based upon a deprivation of their Fourteenth Amendment right to procedural due process, plaintiffs provide no California law or precedent establishing that they had a constitutionally protected property interest in using the chapel when they never obtained a building permit, see Guatay, 670 F.3d at 985, nor do they explain how Shasta County failed to provide the opportunity to be heard "'at a meaningful time and in a meaningful manner,'" Matthews v. Eldridge, 424 U.S. 319, 333 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).

IT IS THEREFORE ORDERED that defendants' motion for summary judgment be, and the same hereby is, GRANTED.

The Clerk of the Court is directed to enter judgment in accordance with this Order and close the file.

DATED:   May 9, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5