UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| REVERGE ANSELMO and SEVEN HILLS LAND AND CATTLE COMPANY, LLC,<br><br>         Plaintiffs,<br><br>    v.<br><br>THE COUNTY OF SHASTA, CALIFORNIA, and RUSS MULL,<br><br>         Defendants.<br>_____/ | NO. CIV. 2:12-361 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS |

----oo0oo----

Plaintiffs Reverge Anselmo and Seven Hills Land and Cattle Company, LLC ("Seven Hills") brought this action against the County of Shasta, California ("Shasta County") and Russ Mull alleging claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and 42 U.S.C. § 1983 for violations of plaintiffs' First and Fourteenth Amendment rights arising out of Anselmo's desire to construct a private chapel on land located in Shasta County. The court dismissed or granted

1

summary judgment in favor of defendants on all claims.  (Docket Nos. 18, 42.)  Defendants now move for attorney's fees and expert fees pursuant to 42 U.S.C. § 1988.  (Docket No. 45.)  Defendants also submit a bill of costs pursuant to 28 U.S.C. § 1920 and Eastern District Local Rule 292.  (Docket No. 44.)

I.   Motion for Attorney's Fees and Expert Fees

Plaintiffs brought claims against Ross Mull and Shasta County under RLUIPA and 42 U.S.C. § 1983.  (Docket No. 1.)  The § 1983 claim was based upon deprivations of plaintiffs' First Amendment right to free exercise of religion and their Fourteenth Amendment right to due process.  In its June 8, 2012 Order, the court dismissed all claims against Mull except a claim for injunctive relief under RLUIPA's substantial burden provision. (Docket No. 18.)  In its May 9, 2013 Order, the court held that plaintiffs' RLUIPA claim was unripe and that plaintiff's § 1983 claim against Shasta County did not present a genuine issue of material fact.  (Docket No. 42.)  The court granted summary judgment on these claims and entered judgment against plaintiffs. (Docket Nos. 42, 43.)  Defendants now seek $108,954.25 in attorney's fees and $2,080 in fees for deposing plaintiffs' experts.  (Dunn Decl. ¶¶ 5-6 (Docket No. 45-1); Pisano Decl. ¶¶ 6-9 (Docket No. 45-2); Defs.' Mot. Ex. C (Docket No. 45-5).)

Section 1988(b) of Title 42 of the United States Code authorizes the court, in its discretion, to award a "reasonable" attorney's fee to the prevailing party in a case brought under 42 U.S.C. § 1983 or RLUIPA.  42 U.S.C. § 1988(b).  Section 1988(c) provides that an attorney's fee under § 1988(b) may, at the court's discretion, include expert witness fees.  Id. § 1988(c).

While § 1988 makes no distinction between prevailing plaintiffs and defendants, courts have interpreted the statute to treat a prevailing defendant differently from a prevailing plaintiff; fees are not awarded to a defendant routinely or simply because the defendant succeeded. See Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1060 (9th Cir. 2006). To be awarded fees, a prevailing defendant must demonstrate that the "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978). This standard is "stringent," Hughes v. Rowe, 449 U.S. 5, 14 (1980), and the Ninth Circuit repeatedly has recognized that attorney's fees in civil rights cases "should only be awarded to a defendant in exceptional circumstances." Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990)) (internal quotation mark omitted); see Braunstein v. Ariz. Dep't of Transp., 683 F.3d 1177, 1187 (9th Cir. 2012); Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 968 (9th Cir. 2011).

"An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." Galen v. County of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007) (citing Christiansburg, 434 U.S. at 422). "A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception." Galen v. County of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007). A court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail,

3

his action must have been unreasonable or without foundation." Christianburg, 434 U.S. at 421-22.

In a lawsuit where there is a mix of frivolous and non-frivolous claims, § 1988 "permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim." Fox v. Vice, --- U.S. ----, 131 S. Ct. 2205, 2215 (2011); see also Harris, 631 F.3d at 972 ("Unless a prevailing defendant can establish that its attorneys would not have performed the work involved except for the need to defend against the frivolous claims (and thus would not have done the work in whole or in part in order to defend against the nonfrivolous claims), it is not entitled to the fees in question.")  "[T]he dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous allegation." Fox, 131 S. Ct. at 2216. It is defendant's burden to demonstrate that the fees it requests would not have been charged but for the inclusion of the frivolous claims in the complaint. Harris, 631 F.3d at 972. From a "practical standpoint," that burden is "extremely difficult to carry." Id.

Here, there is no dispute that defendants are the prevailing party on all claims. The court, however, finds that none of plaintiffs' claims were frivolous. Furthermore, even if the court were to find that one claim was frivolous, defendants have failed to identify which, if any, portion of their attorneys' fees "would have been incurred in the absence of the frivolous allegation." Fox, 131 S. Ct. at 2216.

Because no "exceptional circumstances" exist to warrant

4

the award of attorney's fees and expert fees to defendants, Saman, 173 F.3d at 1157, defendants' motion must accordingly be denied.

## II. Bill of Costs

Federal Rule of Civil Procedure 54(d)(1) and Local Rule 292(f) govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); E.D. Cal. Local R. 292(f).

The court exercises its discretion in determining whether to allow certain costs. See Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997) (holding that the district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920); Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (same). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. See Russian River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523; see also Local R. 292(d) ("If no objection is filed, the Clerk shall proceed to tax and enter costs.").

Defendants request $8,956.45 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case and $203.32 in fees and disbursement for printing.

1  (Docket No. 44.)  Defendants originally submitted a bill of costs
2  to the court without attaching the required itemization and
3  documentation for the costs.  <u>See</u> Local R. 292(b).  After the
4  plaintiffs objected to the lack of documentation, (Docket No.
5  46), defendants submitted invoices for depositions and a record
6  of printing costs, (Docket Nos. 47-1, 47-2).

7  Section 1920(2) allows for recovery of "[f]ees for
8  printed or electronically recorded transcripts necessarily
9  obtained for use in the case."  Courts have awarded costs for
10 both a videotaped and stenographic transcript of a deposition
11 when both were reasonably necessary for the litigation.  <u>See</u>
12 <u>Yeager v. Bowlin</u>, No. CIV. 2:08-102 WBS JFM, 2010 WL 716389, at
13 *2 (E.D. Cal. Feb. 26, 2010) (Shubb, J.) (listing cases).  Here,
14 defendants submit invoices for both video and stenographic
15 depositions of Reverge Anselmo, Steve Wilson, Robert Wilson, and
16 Wyatt Paxton but fail to explain why both a video recording and
17 stenographic transcript were required.  The court therefore
18 declines to tax $1,881.25 in video deposition costs to
19 plaintiffs.  <u>See</u> <u>Wecom Supply Co., Inc. v. Sherwin-Williams Co.</u>,
20 No. 1:10-CV-00171 AWI BAM, 2013 WL 56639, at *4-5 (E.D. Cal. Jan.
21 3, 2013) (declining to tax video deposition costs).

22 Some of the stenographic deposition invoices charge for
23 rough transcripts and CDs.  Plaintiff fails to explain why rough
24 transcripts and CDs were necessary.  <u>See</u> <u>Cargill v. Progressive</u>
25 <u>Dairy Solutions, Inc.</u>, No. CV-F-07-0349-LJO-SMS, 2008 WL 5135826,
26 at *5-6 (E.D. Cal. Dec. 8, 2008) (declining to award costs of
27 rough transcripts when a party failed to explain why they were
28 necessary).  The court therefore declines to award the following

6

costs for rough transcripts and CDs: $82.00 and $15 for the deposition of Steven Wilson; $101 and $15 for the deposition of Robert Wilson; $168.00 and $15 for the deposition of Wyatt Paxton and; $106.75 and $35 for the deposition of Steven Schraibman; for a total of $537.75.

Defendants' remaining transcript fees and printing fees appear reasonable.

IT IS THEREFORE ORDERED that defendants' motion for attorney's fees be, and the same hereby is, DENIED.

The following costs shall be taxed to plaintiffs:

| | |
|---|---|
| Fees for transcripts | $ 6537.45 |
| Fees for printing | $ 203.32 |
| Total | $ 6740.77 |

DATED:  July 16, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE